UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **MICHAEL JUSTIN HALL**, Defendant. | 3:20-CR-20069-TGB-EAS <br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING MOTION TO VACATE SENTENCE (ECF NO. 41) AND DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Michael Hall was convicted of two counts of child pornography in violation of 18 U.S.C. § 2252A(a)(2): distribution and receipt.[1] ECF No. 34. The then-presiding judge, the Honorable Robert H. Cleland (ret.), sentenced Hall to 324 months in custody, which was at the bottom of the guideline range, and 10 years of supervised release. ECF No. 37. After an appeal, that sentence was affirmed. ECF No. 39. According to the Bureau of Prisons, Hall is currently in custody and scheduled to be released in February 2043. On September 20, 2022, he moved to vacate his sentence under 28 U.S.C. § 2255. ECF No. 41. Hall raises one ground, arguing that his sentence was imposed in violation of the United States Constitution: a "violation of Fifth Amendment right

---

[1] The indictment contained three counts, but the third was dismissed as a lesser included offense of count two. ECF No. 31, 33. Hall entered an oral guilty plea with no Rule 11 written agreement on December 3, 2020.

1

under double jeopardy." ECF No. 41, PageID.344. For the reasons explained below, the ground Hall raises is procedurally defaulted, not cognizable on collateral review, and lacks merit. Therefore, his motion will be denied.

## I. BACKGROUND

On appeal from Hall's sentence, the Sixth Circuit summarized the factual and procedural background of this case:

> Relevant today are Hall's actions in January 2020. Then, only seven months after his most recent release from parole, Hall joined a group chat on Kik Messenger designed for sharing videos and images of children being abused. He both sought out child pornography and shared videos of child sexual abuse. And he boasted of committing various sex acts on children.
>
> When federal agents learned of Hall's conduct, they seized his phone. A search revealed three images and four videos of child pornography, including videos showing children being raped and performing sex acts on one another. Hall acquired these images and videos during the span of only one week.
>
> A grand jury indicted Hall on two counts of sexually explicit conduct under 18 U.S.C. § 2252(a)(2) and one count of possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). Hall pleaded guilty. The presentence report (PSR) calculated a Guidelines range of 324–405 months in prison. Hall did not object.
>
> The district court sentenced Hall at the bottom of his Guidelines range, 324 months. The court noted that it "extensively consider[ed]" the relevant sentencing factors and the Guidelines. And it noted Hall's status as an "extraordinarily serious offender" who has committed acts of "sadistic [], almost inhuman cruelty" towards children,

including rape and incest. By contrast, Hall asked for a downward variance, but the court determined that a below-Guidelines sentence would not "serve the purpose of sentencing.

ECF No. 39, PageID.335–36.

The Court of Appeals affirmed the sentence of 324 months (27 years). ECF No. 39, PageID.337. Two months later, Hall filed this motion to vacate his sentence. ECF No. 41. Upon Judge Cleland's retirement, this case and Hall's petition were transferred to the undersigned.

## II.  LEGAL STANDARD

A prisoner serving a sentence imposed by a federal court may challenge that sentence under 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* As relief, the prisoner may move the court which imposed the sentence to correct, vacate, or set it aside.

The law is clear that "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involve a fundamental defect which inherently results in a complete miscarriage of justice." *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotations omitted)). This standard is met only in exceptional

3

circumstances; not every alleged error of law can be raised on a § 2255 motion. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Davis*, 417 U.S. at 346. Generally, a motion brought under § 2255 must allege "one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

## III. DISCUSSION

Hall raises one ground for relief: that his sentence was in violation of Fifth Amendment double jeopardy. In support, he submits:

> Double jeopardy protects against multiple punishments for the same offense. Its [sic] definition can be applied to United States Sentencing Guidelines under 2G2.2 a +5 enhancement for "pattern of activity" is accessed [sic] as well as criminal history points for the same previous offense this can enhance guidelines by as much as 5 years[.] Similarly 2G2.2(b)(2) gives +2 for "prepubescent minor" and also gives a +4 under 2G2.2(b)(4) for material involving an infant or toddler which by definition is a "prepubescent minor"

ECF No. 41, PageID.344 (emphasis in original).

The crux of Hall's argument appears to be that accounting for his conduct in his criminal history calculation and as multiple offense enhancements violated double jeopardy. He indicated that he had raised this same issue ("was double jeopardy violated under current CP [Child Pornography] Guidelines") during his direct appeal to the Sixth Circuit.

4

ECF No. 41, PageID.342. Upon review of the Defendant-Appellant's brief, it appears that double jeopardy was not properly raised,[2] which is why the appellate court did not discuss the issue. ECF No. 45-2. Instead, it focused on assessing whether the sentence was unreasonably long and whether all 3553(a) sentencing factors were considered. ECF No. 39. In this motion, Hall asks the Court to "correct the sentence with reconfigured guidelines." ECF No. 41, PageID.352.

Facially, the Court agrees with the government that this characterization is not a constitutional concern, but perhaps a double-counting issue at best. ECF No. 45, PageID.360. But there are three reasons the motion must fail.

First, the issue is procedurally defaulted. Hall had at least two opportunities to challenge his guidelines scoring: at sentencing and on direct appeal; however, he did not. Because he did not raise this issue on direct appeal, he has waived it, and the issue is procedurally defaulted. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) ("Sentencing challenges generally cannot be made for the first time in a

---

[2] This is what Hall submitted regarding double jeopardy: "Mr. Hall also questions whether his protection against double jeopardy was violated in this case, as the provision does not just cover retrials *per se*, but protects defendants against 'multiple punishments for the same offense.' *North Carolina v. Pearce*, 395 U.S. 711, 717 (1968). Here, the guidelines are used to calculate criminal history, but then bolster the offense level yet again with that same criminal history with the scoring of the 'pattern of activity' enhancement pursuant to USSG 2G2.2(b)(5)." ECF No. 45-2, PageID.389.

5

post-conviction § 2255 motion. Normally, sentencing challenges must be made on direct appeal or they are waived.") (internal citations omitted); *see Grant v. United States*, 72 F.3d 503, 505–06 (6th Cir. 1996) ("Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process."). Nor can he surmount the hurdle of this procedural default by arguing either cause and actual prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). He offers no argument for either, and even if he had done so, the government's reasoning explaining how he could not succeed on such grounds is convincing. ECF No. 45, PageID.361–63 (arguing that Hall cannot establish "cause" because he was able to challenge the scoring during the direct appeal, cannot establish prejudice because there is no reasonable probability the result of trial would have been different absent the error, and finally, cannot establish actual innocence because it remains more likely than not that a reasonable juror would have convicted him when he knowingly and voluntarily pleaded guilty).

Second, this issue is not cognizable on collateral review. Double counting within the sentencing guidelines as raised here is not a constitutional issue. Because it is a non-constitutional challenge to the advisory guidelines, the motion may not be raised as a cognizable challenge under § 2255. *Snider*, 908 F.3d at 189–91. This is so even if the double counting were not permitted, which it was here. *United States v.*

6

*Walters*, 775 F.3d 778, 782 (6th Cir. 2015) ("even impermissible double counting—does not rise to the level of a constitutional violation.").

Third, the motion is substantively without merit. The sentencing enhancements were applied properly and in accordance with the guidelines application notes and comments. At sentencing, Hall did not object to the three enhancements he now raises in this motion: the five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(5), the two-level enhancement pursuant to § 2G2.2(b)(2), and the four-level enhancement pursuant to § 2G2.2(b)(4). Application Note 5 to § 2G2.2(b)(5) states that a conviction that is taken into account "is not excluded from consideration of whether that conviction receives criminal history points." So the Court was permitted to consider it for both criminal history points and for the enhancement.

Also, the guidelines require that offense-level adjustments from multiple specific offense characteristics within an offense guideline are applied cumulatively unless the guideline specifies that only the greater/greatest should be used; § 2G2.2 does not specify so. U.S.S.G. § 1B1.1, comment 4(A). Further, § 2G2.2(b)(4)(A) involves distinct aspects of the conduct—the sadistic or masochistic conduct or other depictions of violence in the material—not just the age of the minor being

7

under 12 years, which triggers the § 2G2.2(b)(2) enhancement.[3] According to the final presentencing report, one of the videos or images that Hall received and/or distributed depicted the anal rape of an infant or toddler. Such conduct involves "the infliction of pain" and satisfies the specific offense characteristic in a way that is not redundant of § 2G2.2(b)(2). *See Walters*, 775 F.3d at 785–86 (citing *United States v. Phillips*, 383 F. App'x 527, 532–33 (6th Cir. 2010) (finding that the four-level enhancement does not double count any aspect of the crime but rather separately punishes the exchange and possession of sadistic, masochistic, or violent material such as depictions of children being raped). Therefore, the cumulative application is proper.

## IV. CONCLUSION

For the above-stated reasons, Petitioner Michael Hall's motion for relief under 28 U.S.C. § 2255 is **DENIED**. It is **FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 19, 2023      /s/Terrence G. Berg
                              HON. TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE

---

[3] The operative language of the § 2G2.2(b)(4) today is the same as it was in 2018. "If the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) an infant or toddler, increase by 4 levels." U.S. SENT'G GUIDELINES MANUAL (U.S. SENT'G COMM'N 2018).